UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TD BANK, N.A.,

                Plaintiff,

- against -

202-4 WEST 23RD STREET CORP. D/B/A
CHELSEA SAVOY HOTEL,

                Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2024

**24 Civ. 930 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On February 8, 2024, TD Bank, N.A. ("TD Bank") brought this action seeking a declaratory judgment and alleging breach of contract and of the duty of good faith and fair dealing against 202-4 West 23rd Street Corp. D/B/A Chelsea Savoy Hotel ("Chelsea Hotel"). (See "Compl.," Dkt. No. 1.) Chelsea Hotel moves to dismiss the Complaint based on the abstention doctrine of Colorado River Conservation District v. United States, 424 U.S. 800 (1976). (See Dkt. No. 10.) For the reasons stated herein, Defendant's motion is DENIED.

## I.    BACKGROUND

On October 28, 2013, TD Bank and Chelsea Hotel entered into a commercial lease agreement ("Lease Agreement" or "Lease") for property located at 202-4 West 23rd Street, New York, New York (the "Premises"). (See Complaint ("Compl."), Dkt. No. 1, at 1.) TD Bank maintains a retail branch on the

1

Premises. (See id.) Under the terms of the Lease Agreement, Chelsea Hotel, at its expense, "shall maintain, repair and replace . . . the sidewalks and curbs adjacent to the Premises." (See Dkt. No. 1-1 at 54.) The Lease also provides that Chelsea Hotel "shall indemnify, defend and hold [TD Bank] . . . harmless from and against all liabilities, damages, penalties, claims, costs, charges and expenses . . . which may be imposed upon, incurred by, or asserted against [TD Bank] . . . and arising out of the negligence or willful misconduct of" Chelsea Hotel. (Id. at 51.)

On September 10, 2022, Tania Ovalle Quezada ("Quezada") allegedly tripped and fell on the sidewalk adjacent to the Premises due to alleged broken conditions of the sidewalk. (See Dkt. No. 1 at 2.) On January 24, 2023, Quezada filed an action against TD Bank and Chelsea Hotel in New York State Supreme Court, Bronx County, seeking damages arising out of the Chelsea Hotel's alleged negligence in failing to maintain the sidewalk in front of the Premises. (See id. at 5-6.); see Tania Ovalle Quezada v. 202-4 West 23rd Street Corp. d/b/a Chelsea Savoy Hotel and TD Bank, N.A., Index No. 453283/2023 (the "State Action").

TD Bank tendered notice of the State Action to Chelsea Hotel and its insurance company, Kookmin Best Insurance Company, Ltd ("KBIC"). (See Compl. at 6.) On March 7, 2023,

2

and October 17, 2023, TD Bank sent letters to Chelsea Hotel reiterating that the Chelsea Hotel was required to indemnify TD bank in the State Action. (See Id.) Chelsea Hotel allegedly refuses "to defend and indemnify TD Bank for the State Action." (Id.) A. The State Action

Meanwhile, on March 15, 2023, TD Bank answered Quezada's complaint in the State Action, asserting crossclaims against Chelsea Hotel for common law indemnification and contribution, declaratory judgment for defense and indemnification, and for breach of contract. (See Answer at 7-9, State Action, Dkt. No. 12.) TD Bank alleged in its crossclaims that the lease required Chelsea Hotel to "defend and indemnify TD Bank for the claims and damages asserted in the lawsuit" and that Chelsea Hotel "has unjustifiably refused to defend and indemnify TD Bank." (Id. at 8.)

On December 15, 2023, upon a joint stipulation by all parties, the State Action was transferred to New York Supreme Court, County of New York. (Decision and Order, State Action, Dkt. No. 48.) On December 2, 2024, Quezada's new counsel, retained in November 2024, made a motion to withdraw as attorney of record, citing issues that have arisen with Quezada that prevents their ability to continue to represent her. (See Affidavit, State Action, Dkt. No. 72 at 2.) The New York Supreme Court ordered the parties to show cause as to

3

why it should not grant the motion to withdraw. (See Order, State Action, Dkt. No. 75.) That hearing occurred on December 10, 2024, and at the time of this Decision and Order, Quezada has not retained new counsel in the State Action.

    B. The Federal Action

On February 8, 2024, TD Bank commenced a federal action in this Court against Chelsea Hotel (the "Federal Action"). (See Compl.) Similar to its crossclaims in the State Action, TD Bank alleges that Chelsea Hotel wrongly refused to defend and indemnify TD Bank pursuant to the terms of the Lease Agreement. (Compl. at 6.) TD Bank seeks a declaratory judgment stating Chelsea Hotel's obligations under the Lease Agreement with respect to the State Action and brings claims for breach of contract and the duty of good faith and fair dealing. (Compl. at 7-9). On March 29, 2024, Chelsea Hotel notified TD Bank, pursuant to Rule II.B of this Court's Individual Practices, that it intended to seek Court approval to file a pre-answer motion to dismiss on the sole basis that the pending State Action requires this Court to abstain from exercising jurisdiction over the Federal Action pursuant to the Colorado River abstention doctrine. (Dkt. No. 10-1.) TD Bank responded by letter on April 4, 2024, arguing that Colorado River abstention does not apply in this circumstance. (Dkt. No. 10-2.) The parties exchanged

additional letters with the Court requesting a pre-motion conference, repeating the same substantive arguments made in their initial letter exchanges. (Dkt. Nos. 10, 11.)

On May 2, 2024, the parties consented to the Court ruling on the basis of the pre-motion letters seeking dismissal of this action. (Dkt. No. 13.)

## II. DISCUSSION

The only question before the Court is whether it should abstain from exercising jurisdiction over this action due to the pending State Action pursuant to Colorado River abstention. A federal court may abstain from exercising jurisdiction over a case where there is a pending parallel state court proceeding and where certain factors weigh in favor of abstention. See Colorado River, 424 U.S. 800. The general rule is that the existence of a state court action does not prevent parallel proceedings in a federal court with jurisdiction. Id. at 817. Abstention from exercising jurisdiction "is the exception, not the rule." Id. at 813. The abstention doctrine should be invoked only in "exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." Id. "The decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a

5

careful balancing of the important factors as they apply in a given case." Shields v. Murdoch, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)).

"To determine whether abstention under Colorado River is appropriate, a district court is required to first make an initial finding that the actions are parallel and then weigh six factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" Vill. Of Westfield v. Welch's, 170 F.3d 116, 121 (2d Cir. 1999) (quoting Moses, 460 U.S. at 16). These six factors are:

> (1) The assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

Id. "No single factor is necessarily decisive, and the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Moreover, "[w]here a Colorado River factor is facially neutral, that "is a basis for retaining jurisdiction, not for yielding it." Niagara Mohawk Power Corp., 673 F.3d 84, 101 (2d Cir. 2012).

   A. The Actions Are Parallel

6

As an initial matter, the parties do not appear to dispute that the Federal Action and State Action are "parallel." See Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River."). Federal and state proceedings are "parallel" for abstention purposes when the two proceedings are "essentially the same," meaning that "there is an identity of parties, and the issues and relief sought are the same." Shields v. Murdoch, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (citations omitted). "Complete identity of parties and claims is not required," however, as "the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." GBA Contracting Corp. v. Fid. & Deposit Co. of Md., 00 Civ. 1333, 2001 WL 11060, at *1 (S.D.N.Y. Jan. 4, 2001).

Here, the claims in both actions involve "substantially the same issue[s]." Dittmer, 146 F.3d at 118. In the State Action, TD Bank asserts crossclaims for indemnification and contribution from Chelsea Hotel, a declaratory judgment that that Chelsea Hotel is obligated to indemnify TD Bank pursuant to the Lease Agreement, and a contractual defense for breach of contract. (See Answer, State Action, Dkt. No. 12 at 8-9.). In this action, TD Bank seeks a declaratory judgment that

7

Chelsea Hotel is obligated to indemnify TD Bank's defense costs and any future damages arising out of the State Action, damages for breach of contract, and damages for the breach of the covenant of good faith and fair dealing. (See Compl. at 7-9.) TD Bank's claims in each action are entirely predicated on a judicial determination of its rights under the Lease Agreement. The actions are clearly adjudicating the same issue.

Because the two actions are comprised of "same essential issue[]," and involve identity of parties, they are parallel for purposes of abstention. Garcia v. Tamir, 1999 WL 587902, at *3 (S.D.N.Y. Aug. 4, 1999).

### B. Colorado River Factors

#### i. Jurisdiction Over Res

Neither the state court nor this Court has jurisdiction over a res or property. The absence of jurisdiction over res makes this factor neutral which favors retaining federal jurisdiction. See Dalzell Management Co., Inc. v. Bardonia Plaza, LLC, 923 F. Supp. 2d 590, 599 (S.D.N.Y. 2013).

#### ii. Convenience of the Forums

The second factor examines the convenience of the federal forum as opposed to the state forum. The State Action is pending in New York Supreme Court in Manhattan, New York while the Federal Action is pending in the Southern District

of New York in Manhattan, New York. Clearly, these forums are equally convenient considering they are blocks away from each other, which also favors retaining federal jurisdiction.

    iii. Avoidance of Piecemeal Litigation

"By far the most important factor," the third factor, considers whether the federal action must be dismissed to avoid piecemeal litigation. Moses, 460 U.S. at 16. Avoiding piecemeal litigation is a "paramount consideration" when a failure to abstain may result in "inconsistent disposition[s]" that "would breed additional litigation on assertions of claim and issue preclusion." Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985). Generally, piecemeal litigation is of great concern where the lawsuits "pose[] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." Woodford v. Cmty Action Agency of Greene Cnty, Inc., 239 F.3d 517, 523 (2d. Cir. 2001).

However, the "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." Vill. Of Westfield, 170 F.3d at 123. Abstention cannot be based simply on an "aversion to deciding an issue prior to a state court's adjudication." Buhannic v. Schroeder, No. 18 Civ. 5371, 2019 WL 4735378, at *5 (S.D.N.Y. Sept. 27, 2019). Since "any case involving

9

parallel proceedings presents a risk of duplicative litigation or a rush to judgment, the existence of those risks can weigh only modestly in favor of dismissal; otherwise dismissals pursuant to Colorado River would be the rule, not the exception." In re Asbestos Litig., 963 F. Supp. 247, 253 (S.D.N.Y. 1997).

Chelsea Hotel argues that exercising jurisdiction over the Federal Action would result in piecemeal litigation or inconsistent adjudication of the issues because 1) "TD Bank has asserted identical claims and seeks identical relief in" the Federal Action and State Action; and 2) the issue in the Federal Action "is dependent on factual issues that will be litigated in the [State] Action." (See Dkt. No. 10 at 2.)

Piecemeal litigation is of little concern here. The parties, issues, and claims are almost identical in both actions and the Court cannot think of any reason why a straightforward application of preclusion doctrine would not resolve any inconsistent outcome in the State and Federal Action. Woodford, 239 F.3d at 523; see also FaZe Clan Inc. v. Tenney, 407 F. Supp. 3d 440, 443 (S.D.N.Y. 2019) ("[b]ecause the three proceedings all involve the same dispute between the same two parties, a decision in one proceeding would generally have preclusive effect in the other two, which

significantly reduces any concern about piecemeal litigation.").

Chelsea Hotel has failed to demonstrate how principles of res judicata and/or collateral estoppel would fail to prevent the possibility of inconsistent outcomes. Moreover, there are no major motions pending in the State Action given that Quezada is seeking new counsel. See Niagra Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 102 (2d. Cir. 2012) (finding that because the "claims are straightforward, and the New York state courts appear unlikely to decide them anytime soon," the third factor does not weigh in favor of abstention.)

Therefore, this factor weighs in favor of this Court exercising jurisdiction.

    iv.   Order in Which Jurisdiction Was Obtained

The fourth factor, order in which jurisdiction was obtained, turns not just "on the sequence in which the cases were filed, 'but rather of how much progress has been made in the two actions.'" Vill. Of Westfield, 170 F.3d at 122 (quoting Moses, 460 U.S. at 21). The State Action was commenced first, but it has since been transferred to a different venue with a new judge and the Plaintiff is now seeking new counsel. Little progress has been made in adjudicating the State Action. Therefore, since both actions

11

are in their infancy, this factor is neutral and counsels against abstention.

    v.    <u>Law Supplying the Rule of Decision</u>

The fifth factor requires a review of whether state or federal law provides the rule of decision in this case. State law will provide the rule of decision for TD Bank's claims. However, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." <u>Vill. Of Westfield</u>, 170 F.3d at 124. The claims here are fairly straightforward state-law contract claims based on a validly executed Lease Agreement and are not particularly novel or complex. Therefore, this factor weighs against abstention.

    vi.    <u>Adequate Protection of Plaintiff's Rights</u>

When reviewing the sixth <u>Colorado River</u> factor, "a federal court must determine 'whether the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." <u>Dalzell Management Co.</u>, 923 F. Supp. 2d at 601-02. Here, Chelsea Hotel has not identified any reason why the New York Supreme Court would otherwise put its rights in jeopardy when adjudicating its claims. However, the ability of the state court to protect TD Bank's interests makes this factor

neutral. Estee Lauder Cos., Inc., v. Batra, 430 F. Supp. 2d 158, 169 (2007).

Accordingly, the Court finds that the "exceptional circumstances" required for abstention under Colorado River Conservation District v. United States, 424 U.S. 800 (1976) are not present here. None of the six Colorado River factors weigh in favor of abstention and thus the Court will continue to exercise jurisdiction over this matter.

### III. ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the motion of defendant 202-4 West 23rd Street Corp. d/b/a Chelsea Savoy Hotel ("Cheslea Hotel") to dismiss the Complaint of plaintiff TD Bank, NA ("TD Bank") (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Chelsea Hotel shall answer the Complaint within 21 days of the date of this Order.

**SO ORDERED.**

Dated:    19 December 2024
         New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　    Victor Marrero
　　　　　　　　　　　　　　　　　　　　       U.S.D.J.